Vahag Matevosian (SBN 283710)
Email: consumerlitigationteam@kaass.com

**KAASS LAW**
313 East Broadway #944
Glendale, California, 91209
Telephone: 310.943.1171

Attorneys for Plaintiff
GEORGE DAGLIYAN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE DAGLIYAN, an individual;<br>Plaintiff,<br><br>vs.<br><br>ADVANTA BANK CORP., a Utah Corporation; *et al.*<br>Defendants. | **Case No.: 2:12-cv-08775-CBM-(PJWx)**<br><br>**PLAINTIFF GEORGE DAGLIYAN'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ADVANTA BANK CORP; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARTION OF VAHAG MATEOVISIAN IN SUPPORT THEREOF.**<br><br>**[Fed. R. Civ. P. 55(b)]**<br><br>**Date: July 29, 2013**<br>**Time: 11:00 a.m.**<br>**Courtroom: 2**<br>**Judge: Hon. Consuelo B. Marshall** |

TO THE COURT AND TO ALL PARTIES APPEARING:

PLEASE TAKE NOTICE that on Monday, July 29, 2013 at 11:00 a.m. or as soon thereafter as this matter may be heard in Courtroom 2 of the United States District Court, Central District of California, located at 312 North Spring Street Los Angeles, California 90012, Plaintiff GEORGE DAGLIYAN ("Plaintiff") by and through counsel will and hereby

does motion this Honorable Court for a default judgment against defaulting Defendant ADVANTA BANK CORP. ("Defendant") pursuant to Fed. R. Civ. P. 55(b) as to Plaintiff's causes of action for 1) Federal Fair Credit Reporting Act ("FCRA"); 2) California Consumer Credit Reporting Agencies Act ("CCRAA"); and 3) Defamation by Libel.

Dated: June 14, 2013

**KAASS LAW**
By:*/s/ Vahag Matevosian*
Vahag Matevosian
Attorney for Plaintiff

# TABLE OF CONTENTS

Page


**I.** INTRODUCTION……………………………………………………………..6

**II.** PROCEDURAL HISTORY..…………………………………………………6

**III.** PLAINTIFF HAS MET THE PROCEDURAL REQUIREMENTS FOR ENTRY OF A DEFAULT JUDGMENT ……………………………………………………..6-7

**IV.** LEGAL STANDARD…………………………………………………………7-8

**V.** DISCUSSION…………………………………………………………..….....8-13

**A.** THE *EITEL* FACTORS FAVOR GRANTING DEFAULT JUDGMENT AGAINST DEFENDANT …………………………………………………………………8-12

**1.** Plaintiff Will be Prejudiced if Default Judgment is Not Entered………..……8-9

**2.** Plaintiff's Claims Are Meritorious and Sufficiently Pled……………….……9-10

**3.** The Amount of Damages at Issue……………………………………………10

**4.** Defendant Cannot Dispute the Material Facts………………………………...10-11

**5.** Defendant Has Not Defaulted Due to Any Excusable Neglect………………..11

**6.** A Decision on the Merits Has Become Practically Impossible……………....11-12

**B.** DEFENDANT'S CULPABLE CONDUCT LED TO THE DEFAULT……...…12-13

**VI.** PLAINTIFF'S REMEDIES……………………………………..……….............13

**1.** Plaintiff Is Entitled to Actual Damages ……………………..........................13-15

**2.** Plaintiff Is Entitled to Statutory Damages…………………………………..15

**3.** Plaintiff Is Entitled to Interest on the Judgment ………………………………15

**4.** Plaintiff Is Entitled to Punitive Damages……………………………..……15-16

**5.** Plaintiff Is Entitled to Attorney's Fees and Costs…………………………...16

**6.** Plaintiff Is Entitled to Injunctive Relief………………………………………16

**VII.** CONCLUSION……………………………………………………...……16-17

# TABLE OF AUTHORITIES

**Cases** **Page**


*Adobe Sys. v. Kern*, 2009 U.S. Dist. LEXIS 123566, (N.D. Cal. November 24, 2009)……11

*Alan Neuman Productions, Inc, v. Albright*, 862 F.2d 1388 (9th Cir. 1988) ……………….8,13

*Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980)…………………………………………...7

*Benny v. Pipes*, 799 F.2d 489 (9th Cir. 1986)……………………………………….....8,13

*Capitol Records v. Barrera*, No. 06-07212, 2007 U.S. Dist. LEXIS 27662 (N.D. Cal. Apr. 13, 2007)……………………………………………………………………………9

*Chrysler Credit Corp. v. Macmo*, 710 F.2d 363 (7th Cir. 1998)……………………………8

*City of Burlington v. Dague*, 505 U.S. 557 (1992)……………………………………….16

*Derek Andrew, Inc. v. Poof Apparel Corp*., 528 F.3d 696 (9th Cir. 2008)…………………7

*Eitel v. McCool,* 782 F.2d 1470 (9th Cir. 1986)……………………………………………7-11

*Elektra Entm 't Group Inc. v. Bryant*, 2004 WL 783123 (C.D. Cal. Feb. 13, 2004)………10

*Elektra Entm 't Group Inc. v. Crawford*, 226 F.R.D. 388 (C.D. Cal. 2005)……………….12

*Fair Housing of Marin v. Combs*, 285 F.3d 899 (9th Cir. 2002)……………………………7,11

*Geddes v. United Fin. Group*, 559 F.2d……………………………………………………..9,11

*Greyhound Exhibitgoup, Inc. v. E.L.U.L. Reality Corp*., 973 F.2d 155 (2d Cir. 1992)……13

*Intel Corp. v. Intelsys Software, LLC*, No. 08-03578, 2009 WL 347239 (N.D. Cal. Feb. 6, 2009)……………………………………………………………………………....8

*Kloepping v. Fireman's Fund*, No. C 94-2684, 1996 U.S. Dist. LEXIS 1786 (N.D. Cal. Feb. 13 1996)…………………………………………………………………………..12

*McKenzie v. Wakulla County*, 89 F.R.D. 444 (N.D. Fla. 1981)…………………………...8

*Meadows v. Dominican Republic*, 817 F.2d 517 (9th Cir.)……………………………8,12,13

*Mullane v. Central Hanover Trust Co.*, 339 U.S. 306 (1950)……………………………..11

*Pena v. Seguros La Comercial, S.A.,* 770 F.2d 811 (9th Cir. 1985)……………………...8,13

*PepsiCo Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172 (C.D. Cal. 2002)…………………..7-10

*PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431 (C.D. Cal. 1999)……………………………7

*Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494 (C.D. Cal. 2003)….7,9-10

*SEC v. Abacus Int'l Holding Corp.*, 2001 WL 940913 (N.D. Cal. 2001)………………...11

*Sorenson v. Mink*, 239 F.3d 1140 (9th Cir. 2001)…………………………………………16

*TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915 (9th Cir. 1987) ………………………7,9,11

*United States v. Gant*, 268 F. Supp. 2d 29 (D.D.C. 2003)………………………………12

**Statutes**

FCRA, 15 U.S.C. § 1681……………………………………………………………6,13,15,16

CCRAA, Cal. Civ. Code § 1785……………………………………………………6,13,16

**Other Authorities**

Fed. R. Civ. P. 8…………………………………………………………………...……9,11

Fed. R. Civ. P. 54…………………………………………………………………………..13

Fed. R. Civ. P. 55………………………………………………………...……………..7,11

Local Rule 55………………………………………………………………………………6

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action arises out of Defendant's willful and negligent violations of FCRA, 15 U.S.C. § 1681s-2(b); its equivalent State Act – CCRAA, Cal. Civ. Code § 1785.25(a); and defamation by libel. Specifically, Defendant breached its duty to employ reasonable procedures to ensure the accuracy of credit information under both the FCRA, 15 U.S.C. §1681s-2(b), and the CCRAA, Cal. Civ. Code § 1785.25(a), by attributing an inaccurate account to Plaintiff and by failing to comply with its reinvestigation duties. Defendant's knowing, intentional, and continued reporting of inaccurate credit information in turn damaged Plaintiff's creditworthiness and reputation as a consumer and borrower.

## II. PROCEDURAL HISTORY

Plaintiff filed this action on October 12, 2012 (Doc. No. 1) and subsequently filed a First Amended Complaint (FAC) on November 2, 2012. (Doc. No. 13). Plaintiff served the Summons and FAC on Defendant on January 2, 2013 and filed the Proof of Service of Summons and FAC on Defendant with the Court on January 3, 2013 (Doc. No. 61). As such, Defendant's responsive pleading was due on or before January 23, 2013. Defendant, however, failed to file a responsive pleading or otherwise appear in this action on the face of having been properly served and having actual notice of the suit. On January 24, 2013, Plaintiff filed a request for entry of default against Defendant. (Doc. No. 78). The Clerk entered Defendant's default on January 25, 2013. (Doc. No. 83). To this date Defendant has failed to take any action, whatsoever, manifesting an intent to defend this action.

## III. PLAINTIFF HAS MET THE PROCEDURAL REQUIREMENTS FOR ENTRY OF A DEFAULT JUDGMENT

Pursuant to FRCP 55 and Local Rule 55, default judgment is available because Plaintiff has established that (1) Defendant was served with the summons and complaint (Doc. No. 61) and default was entered for its failure to plead or otherwise defend (Doc. No. 78); (2) Defendant is neither a minor nor an incompetent person, but a Utah Corporation; (3) Defendant is not in military service or otherwise subject to the Soldiers' and Sailors' Relief

Act of 1940; and (4) Defendant has failed to appear in this action to date.

Based upon the facts presented and the referenced authority, Plaintiff is entitled to a Default Judgment in accordance with Rule 55(b) of the Federal Rules of Civil Procedure.

## IV. LEGAL STANDARD

Federal Rules of Civil Procedure 55(b) provides for a court ordered default judgment following entry of default by the court clerk under Rule 55(a). *See* Fed. R. Civ. P. 55(b)(2); *PepsiCo Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation omitted); *Derek Andrew, Inc. v. Poof Apparel Corp*., 528 F.3d 696, 702 (9th Cir. 2008) ("upon default the factual allegations of the complaint… will be taken as true…); *see also Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). As such, "default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003); *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999). ("In applying this discretionary standard, default judgments are more often granted than denied.")

In *Eitel v. McCool,* 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit set forth the following factors that should be considered by courts in entering default judgment:

(1) the possibility of prejudice to the plaintiff if relief is denied;

(2) the merits of plaintiff's substantive claim;

(3) the sufficiency of the complaint;

(4) the sum of money at stake in the action;

(5) the possibility of a dispute concerning material facts;

(6) whether the default was due to excusable neglect; and

(7) the policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1472-73 (70-72). As explained below, each of these factors favors entry of default

judgment here.

Moreover, the courts have held that a default judgment is proper when the defendant's culpable conduct led to the default. *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir.) (citing *Pena v. Seguros La Comercial, S.A.,* 770 F.2d 811,814 (9th Cir. 1985)). A defendant's conduct has been deemed "culpable" for the purposes of default judgment where the defendant received actual or constructive notice of the filing of the action and failed to answer. *Alan Neuman Productions, Inc, v. Albright*, 862 F.2d 1388 (9th Cir. 1988) (referring to *Meadows*, 817 F.2d at 521 and *Benny v. Pipes*, 799 F.2d 489, 494 (9th Cir. 1986)).

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, a Default was entered against Defendant, having failed to answer or otherwise appear in the above-referenced action. Thus, Defendant's conduct in the present case is culpable in accordance with the case law cited above.

## V. DISCUSSION

### A. THE *EITEL* FACTORS FAVOR GRANTING DEFAULT JUDGMENT AGAINST DEFENDANT

#### 1. Plaintiff Will be Prejudiced if Default Judgment is Not Entered

The first *Eitel* factor weighs in favor of granting Plaintiff's motion because Plaintiff will be prejudiced if default judgment is not entered. The possibility of prejudice to Plaintiff is high because if Plaintiff's motion for default judgment is not granted, Plaintiff "will likely be without other recourse for recovery." *Cal. Sec. Cans*, 238 F. Supp. 2d at 1177. *See also Intel Corp. v. Intelsys Software, LLC*, No. 08-03578, 2009 WL 347239, at *2 (N.D. Cal. Feb. 6, 2009) ("If Plaintiff is not granted default judgment, it may be without any recourse for recovery").

Moreover, in the context of default, prejudice to the Plaintiff arises from additional delay in receiving the relief requested, *McKenzie v. Wakulla County*, 89 F.R.D. 444, 446 (N.D. Fla. 1981), and from the resulting need to "devote time and money to additional litigation." *Chrysler Credit Corp. v. Macmo*, 710 F.2d 363, 367 (7th Cir. 1998).

Absent entry of default judgment, Plaintiff will also be unable to obtain injunctive

relief, Defendant will continue its tenacious reporting of inaccurate credit information, and the damage to Plaintiff's creditworthiness will continue unabated. *PepsiCo, Inc.,* 510 F.Supp. 2d at 1116. (Plaintiff "undeniably would be prejudiced absent the entry of permanent injunctive relief [by] default judgment"). *See generally Capitol Records v. Barrera*, No. 06-07212, 2007 U.S. Dist. LEXIS 27662, at 2 (N.D. Cal. Apr. 13, 2007).

The potential for prejudice to the Plaintiff weighs in favor of a default judgment.

**2. Plaintiff's Claims Are Meritorious and Sufficiently Pled**

The second and third *Eitel* factors favor a default judgment where the complaint sufficiently states a claim for relief under the liberal pleading standards of Rule 8. *Cal. Sec. Cans*, 238 F. Supp. 2d at 1175.

By defaulting, Defendant is deemed to have admitted all factual allegations contained in the FAC except those relating to the amount of damages. *TeleVideo Systems, Inc.*, 826 F.2d at 917-18; *Geddes v. United Fin. Group*, 559 F.2d at 560. See also FED. R. Civ. P. 8(d) ("Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading.")

In addition, courts recognize that these factors favor the plaintiff where the defendant, like the Defendant here, has never disputed the merits of the claims. See, e.g., *Philip Morris USA Inc.*, 219 F.R.D. at 500 (defendants' failure to answer constitutes an admission of the allegations in the complaint, and thus the merits of the complaint are assumed and possibility of dispute in material facts considered remote); *Cal. Security Cans*, 238 F. Supp. 2d at 1177 (no genuine possibility of dispute regarding material facts where defendant has failed to answer).

In the instant action, Plaintiff has adequately pleaded causes of action against Defendant for: (1) intentional and willful violations of Federal Fair Credit Reporting Act; 2) intentional and willful violations of California Consumer Credit Reporting Agencies Act; and 3) defamation by libel. Defendant did not file an answer and did not dispute the material facts.

Plaintiff's FAC sufficiently alleges the requisite elements for each of these causes of action. It specifically sets forth that (1) on February 17, 2012, Plaintiff submitted written

disputes to CRAs about the account reported by Defendant (FAC ¶13); (2) CRAs contacted Defendant about Plaintiff's dispute of the account furnished by Defendant (FAC ¶14); (3) Defendant failed to conduct the statutorily mandated reinvestigation (FAC ¶22); and (4) Defendant continued reporting inaccurate credit information (FAC ¶19).

Moreover, the FAC sets forth that Plaintiff mailed three separate dispute letters to Defendant concerning her dispute (FAC ¶16, 20-22); that Defendant repeatedly and continuously disregarded these requests (FAC ¶22) and tenaciously continued to report the unverified and inaccurate account on Plaintiff's credit reports (FAC ¶23); and such inaccurate information was exposed to third parties that viewed Plaintiff's credit reports, thus defaming Plaintiff by lowering Plaintiff's reputation as a consumer. (FAC ¶24).

The three letters submitted by Plaintiff to Defendant disputing the existence, ownership, and accuracy of the account along with Defendant's failure to prove the accuracy of its reporting permit the inference that Defendant in fact reported and published credit information which it knew or should have known to be inaccurate.

Based upon the foregoing, Plaintiff has satisfied the second and third *Eitel* factors which support Plaintiff's request for default judgment against Defendant.

**3. The Amount of Damages at Issue**

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Cal. Sec. Cans*, 238 F. Supp. 2d at 1176; *Philip Morris USA Inc*., 219 F.R.D. at 500; *Elektra Entm 't Group Inc. v. Bryant*, 2004 WL 783123, *4 (C.D. Cal. Feb. 13, 2004).

The amount Plaintiff seeks is modest compared with the severity and pervasiveness of the conduct and the harm inflicted on Plaintiff. The amount sought, as delineated below, is more than reasonable in light of the default judgments entered by other U.S. District and Circuit Courts, such as the following:

- *Angela Williams v. Equifax Information Solutions, LLC*: Circuit Ct. of the 9th Judicial Circuit, Orange County, Florida-No. 48-2003-CA-9035-0; jury verdict, Nov. 30, 2007; ($219,000 in actual damages and $2.7 million in punitive damages).
- *Eric Robert Drew vs. Equifax Information Services, LLC. et al*, U.S.

District Court for the Northern District of California, Case No. CV 07-00726-SI; jury verdict July 20, 2010; ($700,000 in punitive damages, 5315,000 in emotional distress damages, and $6,326.60 in economic damages, for a total of $1,021,326.60).

- *Rebecca L. Valentine v. Equifax Information Services, LLC*, U.S. District Court for the District of Oregon- No. 05-cv-080l; jury verdict Oct. 12, 2007; ($200,000 in actual damages).
- *Nicole M. Robinson v. Equifax Information Services, LLC*, USDC-Eastern Dist. Of Virginia No. 06-CV-1336; jury award Aug. 17, 2007; ($200,000 in actual damages).
- *Sandra Cortez vs. Trans Union, LLC.,* U.S. District Court for the Eastern District of Pennsylvania: No. 2:05-cv-05684-JF. Jury verdict April 26, 2007; ($50,000 actual damages, $750,000 in punitive damages).
- *Suzanne Sloane vs. Equifax Information Services, LLC, et al.,* U.S. District Court for the Eastern District of Virginia (Alexandria Div.), Case No. CIV 1:05 cv 1272. August 2006; ($351,000 $106,000 in economic damages and $245,000 in mental anguish, humiliation, and emotional distress damages).
- *Matthew Kirkpatrick v. Equifax,* U.S. District Court for District of Oregon (Slip. Op. CV-021197-MO: 2005); ($210,000 in actual damages).
- *Thomas v. Trans Union,* U.S. District Court for the District of Oregon. 2001; ($5 million punitive, $300,000 actual damages for emotional distress).
- *Cortez v. TransUnion, LLC,* U.S. District Court for the Eastern District of Pennsylvania, Case Number: 2:05-cv-5684; Apri12007; ($50,000 actual damages, and $750,000.00 in punitive damages). (Reduced to $100,000 by trial judge).
- *Dennis Hollidayoke v. JBL Mortgage Network, LLC,* Circuit Court for Anne Arundel County, Maryland Case No. 02CI0155944; March 2012; (Wrongful foreclosure, damage to credit. $342,103.40).

**4. Defendant Cannot Dispute the Material Facts**

The fifth *Eitel* factor considers the possibility of dispute as to any material facts in the case. Because of defendant's default, all well pleaded facts in the complaint are taken as true and therefore cannot be disputed. *See, e.g. Adobe Sys. v. Kern*, 2009 U.S. Dist. LEXIS 123566, at *15 (N.D. Cal. November 24, 2009) (citing *Fair Housing Of Marin*, 285 F.3d at 906; and Fed. R. Civ. P. 8(b)(6)). Given the sufficiency of the complaint and defendant's default, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *Cal. Security Cans*, 238 F. Supp. 2d at 1177; *see Geddes*, 559 F.2d at 560.

As demonstrated above, Plaintiff filed a well-pleaded FAC alleging the requisite elements to prevail on the causes of action therein. Subsequently, the Clerk of the Court entered a default against Defendant.

Given that all factual allegations in a well-pleaded complaint, except for those related to damages, are regarded as true after the Clerk enters the default, there is no possibility for a dispute as to any material fact. *TeleVideo Sys., Inc.*, 826 F.2d at 917.

**5. Defendant Has Not Defaulted Due to Any Excusable Neglect**

The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect. Due process requires that all interested parties be given notice reasonably calculated to apprise them of the pendency of the action and be afforded opportunity to present their objections before a final judgment is rendered. *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950).

In this case, Defendant's default is inexcusable. Defendant was properly served with the Summons and FAC pursuant to Rule 4 of the Federal Rules of Civil Procedure and had ample time to respond, but has chosen not to (Doc. No. 61).

Defendant has "had a long time to respond, failed to do so and offered no excuses explaining [its] failure." *SEC v. Abacus Int'l Holding Corp*., 2001 WL 940913, at *3 (N.D. Cal. 2001) (granting motion for judgment by default).

Accordingly, as Defendant's default resulted from willful disobedience, the sixth *Eitel* factor therefore favors entering a default judgment.

**6. A Decision on the Merits Has Become Practically Impossible**

The mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh *Eitel* factor is not alone dispositive. "While the Federal Rules favor decisions on the merits, they also allow for the termination of cases before the court can reach the merits… [t]hus, the preference to decide cases on the merits does not preclude a court form granting default judgment." *Kloepping v. Fireman's Fund*, No. C 94-2684, 1996 U.S. Dist. LEXIS 1786, at *10 (N.D. Cal. Feb. 13 1996); *Cal. Security Cans,* 238 F.Supp.2d at 1177 ("this preference, standing alone, is not dispositive").

Here, Defendant had failed to defend this action. Since, termination of the case prior to a hearing on the merits is permissible pursuant to Fed.R.Civ.P. 55(a), the Court should not be precluded from entering default judgment against this Defendant.

Moreover, "defendant's failure to answer the plaintiff's complaint makes a decision on the merits of the case impractical, if not impossible." *Id*. The policy favoring resolution of disputes on the merits, cannot assist Defendant because it is Defendant who has foreclosed the possibility of a decision on the merits by its own adamant refusal to respond to the FAC. See *Elektra Entm 't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Cases should be decided upon their merits whenever reasonably possible. However, defendant's failure to answer plaintiffs' complaint makes a decision on the merits impractical if not impossible. This factor does not preclude the court from entering default judgment against the Defendant" (internal citations and quotations omitted)); *see also United States v. Gant*, 268 F. Supp. 2d 29, 32 (D.D.C. 2003) (policy favoring decision on the merits outweighed when the plaintiff faces "an essentially unresponsive party, as the diligent must be protected lest he be faced with interminable delay and continued uncertainty as to his rights.") (internal citations and quotations omitted).

Here, Defendant's default has made a decision on the merits impossible. As such, to deny Plaintiff's motion would leave Plaintiff without a remedy and would reward Defendant's unlawful conduct.

For the foregoing reasons, the Court should enter default judgment against Defendant.

### B. DEFENDANT'S CULPABLE CONDUCT LED TO THE DEFAULT

Courts have held that a default judgment is proper when the defendant's culpable conduct led to the default. *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir.) (citing *Pena v. Seguros La Comercial, S.A.,* 770 F.2d 811,814 (9th Cir. 1985)). A defendant's conduct has been deemed "culpable" for the purposes of default judgment where the defendant received actual or constructive notice of the filing of the action and failed to answer. *Alan Neuman Productions, Inc, v. Albright*, 862 F.2d 1388 (9th Cir. 1988) (referring to *Meadows*, 817 F.2d at 521 and *Benny v. Pipes*, 799 F.2d 489, 494 (9th Cir. 1986)).

Defendant received actual notice of the lawsuit and was well aware of the deadline for filing a responsive pleading; yet, knowingly failed to do so. In fact, Defendant has entirely ignored both the statutes it has violated, as well as its obligations to this Court. Defendant was properly served with the lawsuit on January 02, 2013(Doc. No. 61), making its responsive pleading due on or before January 23, 2013. Defendant, however, failed to file a responsive pleading or otherwise appear in this action on the face of having been properly served and having actual notice of the suit.

Defendant's conduct was culpable in that it had actual and constructive notice of the lawsuit and intentionally failed to answer or otherwise defend the case.

## VI. PLAINTIFF'S REMEDIES

When proximate cause is adequately alleged in the complaint, it is deemed admitted on default. *Greyhound Exhibitgoup, Inc. v. E.L.U.L. Realty Corp*., 973 F.2d 155, 159 (2d Cir. 1992). Thus, Plaintiff's burden with respect to proving damages rests solely on its showing that damages and relief sought therefrom relate to the injuries pled.

The Court may award Plaintiff the relief he seeks in this motion because it is not "different in kind" from what was prayed for in Plaintiff's FAC. See Fed. R. Civ. P. 54(c). Plaintiff's FAC sought actual damages, including loss of financing and credit opportunities, mental and emotional distress as a result of Defendants' conduct, statutory damages, attorneys' fees and costs, prejudgment interest, punitive damages, injunctive relief, and declaratory relief. FAC ¶ 25; 11:15-23.

### 1. Plaintiff Is Entitled to Actual Damages

Actual damages in cases of violations of the FCRA and CCRAA consist, among others, of the decrease in consumer's creditworthiness, which includes the increased cost and diminished availability of credit, loss of opportunities. Actual damages also include damage caused by mental anguish, humiliation, emotional distress, and the like.

Plaintiff's credit was diminished as the direct result of Defendant's continued reporting of an inaccurate account information to his credit reports. Plaintiff suffered extended periods of stress, mental anguish, and distress.

Defendant's violations are substantial, and at times incomprehensible. Defendant not only furnished inaccurate data to the credit bureaus, but did so with reckless abandon, ignoring Plaintiff's numerous inquiries and pleas, in violation of numerous statutory provisions.

Defendant's inaccurate negative reporting has inaccurately described Plaintiff as not creditworthy and/or less creditworthy to third parties. As a result, Plaintiff has been improperly denied credit. (Dagliyan Dec. ¶5,6).

Plaintiff lost untold amount of money and opportunity because of Defendant's inaccurate reporting. (Dagliyan Dec. ¶7).

Under the new five-year lease agreement, Plaintiff paid substantially higher monthly rent of $2,800.00 for the first year, in addition to a $16,800.00 deposit. Additionally, Plaintiff will continue to pay monthly rent increase by $500.00 each year for the next four years. (Dagliyan Dec. ¶11 and Exhibit E). The difference between old rent of $680.00 and the new rent of $2,800.00, plus the increasing rate, will amount to $187,200.00 at the end of the five-year term.

Plaintiff incurred $121,079.37 in construction, restoration, and remodeling costs to make the new location suitable for conducting business. (Dagliyan Dec. ¶12 and Exhibit F).

Plaintiff was forced to borrow a personal loan in the amount of $140.000.00, with a very high rate of 30%, in order to cover the above relocation and construction expenses and continue to stay in business. (Dagliyan Dec. ¶14 and Exhibit G). The total interest will amount $ 82,000.00.

As a result of Defendant's inaccurate credit reporting, Plaintiff lost his business, lost credit, financing, and business opportunities, and was chilled from applying for credit, loans, and leasing properties at a favorable rate. (Dagliyan Dec. ¶15).

Plaintiff suffered personal and family problems, sleeplessness, high levels of stress and anxiety. (Dagliyan Dec. ¶16)

Plaintiff has experienced sense of helplessness and emotional distress stemming from, and associated, with all of the above. (Dagliyan Dec. ¶17)

Plaintiff has expended time and energy to correct the errors reported by Defendant.

(Dagliyan Dec. ¶18)

Plaintiff places a value of $10,000 on his emotional distress. As such, the actual damages amount to $400,279.37 ($187,200.00+121,079.37+$82,000.00+$10,000.00).

**2. Plaintiff Is Entitled to Statutory Damages**

The statutory damages amount to $2,000 for violations of FCRA §1681s-2(b)(1) and (2).

**3. Plaintiff Is Entitled to Interest on the Judgment**

Plaintiff is entitled to post-judgment interest. "Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Post-judgment interest shall be calculated pursuant to the statutory rate based upon date of entry of the judgment. *Id.*; *Carte Blanche (Singapore) Pte. v. Carte Blanche International*, 888 F.2d 260, 269 (2d Cir. 1989).

**4. Plaintiff Is Entitled to Punitive Damages**

As shown in the comparable cases used to support the Plaintiff's claim for actual damages, punitive damages often make up the bulk of recovery under the FCRA, and its state counterpart- CCRAA. Many of the cases listed utilized a large multiplier in determining the punitive damage component. For example, several plaintiffs above were awarded punitive damages in excess of ten times the actual damages award.

Additionally, punitive damages under the CCRAA are available, but are capped at $5000. There is no such cap under the FCRA.

Plaintiff elected to use a more conservative multiplier of three in assessing the likely value of punitive damages at trial.

For this reason, Plaintiff places a value of $1,205,838.11 on punitive damages at trial in this case, consisting of ($400,279.37 x 3) under the FCRA and $5,000 under the CCRAA.

**5. Plaintiff Is Entitled to Attorney's Fees and Costs**

To calculate reasonable attorneys' fees, courts calculate the lodestar amount, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly fee. *Sorenson v. Mink*, 239 F.3d 1140, 1149 n.4 (9th Cir. 2001). The amount is strongly

presumed to be reasonable. *City of Burlington v. Dague*, 505 U.S. 557, 559 (1992).

Plaintiff assesses the cost of the services of counsel, valued at $300 per hour for attorneys, to be $6,600 (Matevosian Dec. ¶ 4). Plaintiff assesses the cost of the services of legal support, valued at $100 per hour, to be $2,000.

Plaintiff further assesses the litigation costs to date at $470, including filing fee of $350. The total for this section is $9,070.

**6. Plaintiff Is Entitled to Injunctive Relief**

Defendant continues to report unverified and inaccurate credit information to Plaintiff's credit report, which substantially damages Plaintiff's creditworthiness and reputation. Defendant's conduct is ongoing and will continue to cause irreparable harm until injunctive relief is granted.

## VII. CONCLUSION

Based upon the foregoing points and authorities, Plaintiff respectfully requests that the Court grant its Motion for Default Judgment as against Defendant. Specifically, Plaintiff requests that this Court order:

1. Actual Damages in the amount of $400,279.37.
2. Statutory Damages in the amount of $2,000.
3. Punitive Damages in the amount of $1,205,838.11.
4. Attorneys' Fees in the amount of $9,070.

Dated: June 14, 2013

**KAASS LAW**
By:*/s/ Vahag Matevosian*
Vahag Matevosian
Attorney for Plaintiff
GEORGE DAGLIYAN